IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV -8 AM 8: 25

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| CARRIER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   05-2307-M1V |
| | ) | |
| PAUL P. PIPER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A DEFERRED
AMENDED COMPLAINT

Before the court is the October 20, 2005 motion of the plaintiff, Carrier Corporation ("Carrier"), for leave to file a deferred amended complaint on February 13, 2006. In the alternative, Carrier asks the court to amend the scheduling order to extend the deadline for amending pleadings to February 13, 2006. Defendants Lund Coating Technologies, Inc. ("Lund") and Quanex Corporation ("Quanex") oppose the motion. The motion was referred to the United States Magistrate Judge for determination.

Carrier seeks to amend the complaint to add a new cause of action arising under the "citizen suit" provision contained in the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B). Carrier states that, although its request for leave to amend is timely because the deadline for amending pleadings is October 24, 2005, RCRA's "notice and delay"



requirements prohibit the commencement of a citizen suit until 90 days after the plaintiff has provided notice of the endangerment to various entities. *See* 42 U.S.C. § 6972(b)(2)(A).[1] Carrier states that it mailed the notices of endangerment on October 14, 2005, and that the 90 day waiting period is due to expire sometime after January 12, 2006, depending on the date the notices are received. In order to comply with the scheduling order and to ensure compliance with the notice and delay requirement, Carrier requests leave to file a deferred amended complaint on February 13, 2006. In the alternative, Carrier asks the court to amend the scheduling order to modify the deadline for amending pleadings from October 24, 2005 to February 13, 2006 and to modify any other deadlines that the court deems appropriate.

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Under Rule 15(a), the court has some discretion in allowing amendments. Factors to consider include prejudice to the opposing party, delay, and futility of amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Carrier argues that its motion to file a deferred amended complaint should be granted because it would save judicial

---

[1] In addition, Carrier states that the notice and delay requirement is a mandatory condition precedent to the commencement of a citizen suit under RCRA that a district court cannot disregard even at its discretion.

2

resources that would otherwise be expended to initiate a separate lawsuit. Carrier also argues that the amendment would not result in prejudice to the defendants or undue delay because the defendants will have had at least 90 days notice of the pending RCRA claim to investigate the claim and prepare their defenses. In addition, discovery is scheduled to conclude on June 26, 2006, and the trial is scheduled for November 13, 2006, well after the proposed deferred date of amendment.

Defendant Lund argues that the proposed amendment should be denied because it is futile, at least as to Lund. Specifically, Lund argues that RCRA prohibits a citizen suit where EPA's Administrator has obtained an Administrative Order pursuant to which a responsible party is diligently conducting a Remedial Investigation and Feasibility Study ("RIFS"). 42 U.S.C. § 6972(b)(2)(B)(iv). Lund argues that Carrier tacitly acknowledged this prohibition in paragraph 110 of its proposed amended complaint, which states that the EPA has not issued an administrative order pursuant to which a responsible party is conducting a RIFS. Contrary to Carrier's statement in proposed paragraph 110, Lund states that the Administrator did issue such an order in October 2004 and that the Respondents are causing the RIFS to be carried out in accordance with the order's requirements.

Lund attached a copy of the order to its response.[2]

Similar to Lund, defendant Quanex argues that the proposed amendment is futile because the EPA has issued the order cited by Lund as well as an Unilateral Administrative Order in connection with Water Plant 2. Quanex states that paragraphs 42 through 44 of Carrier's proposed amended complaint acknowledge that such an unilateral administrative order exists. As a result, Quanex argues that the on-going cleanup at Water Plant 2, which was mandated by the order, acts as a complete bar to Carrier's proposed RCRA claim. Quanex also argues that Carrier has not shown good cause for amending the complaint because it has advanced no persuasive explanation for its failure to include a RCRA claim in either its original or first amended complaints.

As argued by Lund and Quanex, Section 6972(b)(2)(B)(iv) prohibits a citizen suit where EPA's Administrator has obtained an Administrative Order pursuant to which a responsible party is diligently conducting a Remedial Investigation and Feasibility Study ("RIFS") or proceeding with remedial action. It appears to

---

[2] Lund also argues that the proposed amendment is futile because Lund does not fall within the scope of persons identified as liable for relief under the citizen suit provisions of RCRA, 42 U.S.C. § 6972(a)(1)(B). Lund states that it intends to file a motion to dismiss Carrier's currently pending claims on such grounds. This court therefore makes no determination as to this issue.

this court that the administrative order attached to Lund's response and the unilateral administrative order referenced by Quanex constitute such orders, thereby rendering Carrier's proposed amendment futile.[3] Therefore, the plaintiff's motion for leave to file a deferred amendment complaint is denied without prejudice.

IT IS SO ORDERED this 8th day of November, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

---

[3] RCRA states that citizen suits "are prohibited only as to the scope and duration of the administrative order." 42 U.S.C. § 6972(b)(2)(B). However, Carrier does not argue that its proposed RCRA claims are beyond the scope of the orders or that they are not barred by the orders for some other reason. If Carrier so claims, it may renew its motion. The court makes no specific determination as to this issue at this time.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 70 in case 2:05-CV-02307 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

---

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

John A. Poakeart
Robinson & Cole, LLP
Financial Centre
695 E. Main Street
Stamford, CT 06904--230

Charles F. Morrow
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Joey Miranda
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103--359

Allen T. Malone
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Charles C. Harrell
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Michael D. Fitzgerald
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC- Memphis
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Pamela Elkow
Robinson & Cole, LLP
Financial Centre
695 E.Main Street
Stamford, CT 06904--230

Honorable Jon McCalla
US DISTRICT COURT